IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR C. JACKSON,<br><br>        *Plaintiff,*<br><br>v.<br><br>WASHINGTON AUTO MALL, and DANA PHILPHS,<br><br>        *Defendant.* | Civil Action No. 2:20-cv-00367<br><br>Hon. William S. Stickman IV |

## ORDER OF COURT

*Pro se* Plaintiff Arthur C. Jackson ("Jackson") filed this action against Defendants seemingly stating a claim under 42 U.S.C. § 1983 for being forced to take a urine test for his employment in January of 2016 in a women's restroom. (ECF No. 3). Magistrate Judge Lisa Pupo Lenihan issued a Report and Recommendation, recommending that the Court dismiss Jackson's Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous, and for failure to state a claim upon which relief could be granted. (ECF No. 4). More specifically, Judge Lenihan found Jackson's Complaint to be time-barred because it was filed over four years after his alleged cause of action accrued. Accordingly, Magistrate Judge Lenihan recommended that the Complaint be dismissed for failure to state a claim upon which relief may be granted. Furthermore, she noted that Jackson's claim should be dismissed as frivolous given that a review of caselaw revealed no cause of action for an employer's decision to conduct urine testing of its employees in the restroom of the opposite gender. Lastly, Magistrate Judge Lenihan recommended that the Court hold amendment of Jackson's Complaint futile given the reasons she proffered for dismissal. (ECF No. 4, pp. 4-5).

Jackson was given the opportunity to file Objections to Magistrate Judge Lenihan's Report and Recommendation and did so. (ECF No. 4). What Jackson filed includes documents from his prior employer (Washington Auto Mall), documents he submitted to his employer, documents he sent to the Department of Labor and Industry, Human Relations Commission, and Commonwealth Court of Pennsylvania, and documents he received from the U.S. Equal Employment Opportunity Commission. (ECF No. 5). To the best of the Court's understanding, Jackson believes these documents explain "why case took 4 yrs." (ECF No. 5). While Jackson may believe the events delaying the filing of his case in federal court (i.e., litigation of other claims or grievances in other forums) constitute a legitimate excuse, the fact of the matter is that his cause of action is time-barred. The additional documents appear to relate to the circumstances of Jackson's termination. They have nothing to do with the only claim asserted in the Complaint in this case—the incident relating to his urine test. While *pro se* filings are liberally construed, there are limits to a court's liberality. Here, the only cause of action asserted in the Complaint is facially time-barred. Indeed, it is not even close. As such, the Court agrees with Magistrate Judge Lenihan that leave to amend would be futile. The Court overrules Jackson's objections.

After its independent *de novo* review of the record and consideration of the parties' pleadings, the Court hereby ADOPTS Magistrate Judge Lenihan's Report and Recommendation as its Opinion.

AND NOW, this 24 day of April 2020, IT IS HEREBY ORDERED that the Complaint (ECF No. 3) is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief

2

can be granted and as frivolous. Jackson is DENIED leave to amend as it would be futile.[1] The Clerk of Court is directed to mark this CASE CLOSED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal this Order, a notice of appeal, as provided in Federal Rule of Appellate Procedure 3, must be filed with the Clerk of Court, United States District Court, at 700 Grant Street, Room 3110, Pittsburgh, PA 15219, within thirty (30) days.

BY THE COURT:

_/s/ William S. Stickman IV_
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[1] "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 Moore's Federal Practice – Civil § 15.15[4] (2019). Amendment would be futile as Jackson cannot overcome the fact that his Complaint is frivolous, and he cannot state a claim upon which relief can be granted as his cause of action is time-barred.